UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
Scott Traudt                                        *
    Plaintiff                              *
v.                                                       *
                                       *       **Docket No. 1:23-CV-500-LM-TSM**
City of Lebanon et al.,                       *
    Defendants                         *
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants, Lebanon Police Department/City of Lebanon, James Alexander, and Philip Roberts, file this memorandum of law in support of their partial motion to dismiss and states as follows:

**INTRODUCTION**

In January of 2007, Plaintiff was arrested and charged with one count of disorderly conduct and two counts of simple assault following a motor vehicle stop in Lebanon, New Hampshire. At the state court criminal trial, Plaintiff was convicted by a jury on two of the charges. Subsequently, Plaintiff filed various post-trial motions relative to his conviction in state and federal court. During these post-trial proceedings, Plaintiff claims to have discovered "disciplinary records" of two officers that were not produced or disclosed in the underlying state court criminal trial. In April of 2022, Plaintiff filed a petition for writ of error coram nobis in state court regarding such documentation. The state court vacated Plaintiff's conviction and granted him a new trial. The charges were ultimately nolle prossed in March of 2023.  Plaintiff has initiated this civil action against the named defendants for various federal and state law claims regarding the purported failure to disclose disciplinary records of the two officers. As discussed more fully below, Defendants' partial motion to dismiss should be granted.

1

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015). A plaintiff must also "do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013). Dismissal is warranted when a complaint's factual averments are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." In re Montreal, Maine & Atl. Ry., Ltd., 888 F.3d 1, 6 (1st Cir. 2018) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010); see Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); White v. Hearst Corp., 669 F.2d 14, 19 (1st Cir. 1982) (concluding that a party cannot base their claim on "the gossamer threads of whimsy, speculation and conjecture.").

## FACTS[1]

In January 2007, Plaintiff was arrested by Lebanon Police Officers Roberts and Smolenski following an incident that occurred during a motor vehicle stop. (ECF Doc. 1 ¶¶ 16–31.) Plaintiff was charged on one count of disorderly conduct, contrary to RSA 544:2, II(d), and two counts of simple assault, contrary to RSA 651:6(g) and RSA 631:2-a. (Id. ¶ 32.) At Plaintiff's criminal jury trial, both Smolenski and Roberts testified. See (id. ¶ 34.) Plaintiff was subsequently convicted of one charge of simple assault and one charge of disorderly conduct. (Id.) According to Plaintiff, Plaintiff was never provided any disciplinary records of either

---

[1] The recitation of facts within this motion to dismiss are derived from Plaintiff's complaint and are not admissions of any fact nor do they represent an agreement as to the relevance of facts alleged by Plaintiff.

Smolenski or Roberts prior to trial. (Id.) During the closing argument, the prosecutor claimed that the officers did not have any disciplinary marks on their record. (Id. ¶ 35.)

Following his conviction, Plaintiff pushed forward with contesting his conviction and likewise filed a pro se lawsuit in 2010 in the United States District Court for the District of New Hampshire against the same defendants named in this litigation, claiming that Plaintiff's civil rights were violated. (Id. ¶ 40.) Plaintiff's 2010 federal court litigation was dismissed in July 2013. (Id. ¶ 41.) Plaintiff claims that during discovery, he learned that Smolenski had been disciplined by Lebanon Police Department in 2006 prior to Plaintiff's arrest and criminal trial. (Id.) Plaintiff claims that these details were not disclosed to him prior to his state court criminal trial. (Id.)

In 2021, Plaintiff asserts that he received details of Smolenski's disciplinary records and details surrounding a complaint filed against Roberts in 2002. Plaintiff claims that at no point until 2021 did any of the Defendants disclose the aforementioned records or events to Plaintiff. See (ECF Doc. ¶ 62.)

Plaintiff then filed a petition for writ of error coram nobis with the New Hampshire Superior Court, in which he requested that the Court correct an error associated with Plaintiff's conviction due to the lack of disclosure of certain records. (Id. ¶ 64.) On January 3, 2023, the New Hampshire Superior Court granted Plaintiff's petition and vacated Plaintiff's conviction and granted him a new trial. (Id. ¶ 65.) The prosecutor then nolle prossed the charges against Plaintiff on March 2, 2023. (Id. ¶ 66.)

Plaintiff has now brought this litigation against, *inter alia*, City of Lebanon/Lebanon Police Department as well as James Alexander, and Philip Roberts in their official and individual capacities. Specifically, Plaintiff claims that the Defendants failed to disclose exculpatory

3

information of prior discipline associated with certain officers prior to, during, or after Plaintiff's criminal trial. Plaintiff asserts the following claims:

- A 42 U.S.C. § 1983 claim premised on alleged violations of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and Part 1, Article 15 of the New Hampshire Constitution (Count I);

- A 42 U.S.C. § 1983 claim premised on alleged violations of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and Part I, Article 15 of the New Hampshire Constitution (Count II);

- A 42 U.S.C. § 1983 claim premised on alleged violations of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and Part 1, Article 15 of the New Hampshire Constitution against the City of Lebanon (Count III);

- Negligence against all defendants (Count IV);

- Civil Conspiracy against all defendants (Count V);

- Civil Conspiracy in violation of 42 U.S.C. § 1985 (Count VI);

- Neglect to Prevent Claim Under 42 U.S.C. § 1986 Against Chief Smith, Chief Alexander, and City of Lebanon (Count VII)

For the reasons set forth more fully below, Defendants' partial motion to dismiss should be granted.

## **LEGAL ANALYSIS**

### I. **Federal Law Claims**

a. <u>Plaintiff's official capacity claims against Roberts and Alexander should be dismissed because they are duplicative of his claims against the City of Lebanon.</u>

An official capacity lawsuit is "in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985); <u>see also</u> <u>Monell v. New</u>

4

York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978) ("official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); Suprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005); Wood v. Hancock County Sheriff's Dept., 354 F.3d 57, 58 n.1 (1st Cir. 2003). "[A] string of Supreme Court cases holds that a suit against a government officer in his or her official capacity binds the agency or other governmental entity, not the officer personally." Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1259 (1st Cir. 1993).

Here, Plaintiff has sued Roberts and Alexander, in their official capacities, as well as the City of Lebanon. Given the foregoing, well-settled law, Plaintiff's suit against Roberts and Alexander in their official capacity is, in essence, the same as his suit against the City of Lebanon. Cf. Signs for Jesus v. Town of Pembroke, Civ. No. 15-cv-482-PB, 2016 WL 1171016, at *2 (D.N.H. March 24, 2016) ("Because a suit against a town officer in his official capacity is essentially the same as a suit against the town, Hodge's liability in his official capacity 'is indistinguishable from the' Town's. Put plainly, it is redundant for plaintiffs to sue both the Town and Hodge in his official capacity.") (internal citations omitted). It follows that the Court should dismiss any claims against Alexander and Roberts in their official capacities.

    b. <u>Plaintiff's federal-law claims (Count I, II, and III) as premised on Part I, Article 15 of the New Hampshire Constitution should be dismissed.</u>

As part of bringing this action, Plaintiff appears to rely on Part I, Article 15 of the New Hampshire Constitution and corresponding state law to serve as the basis for his § 1983 claim. However, 42 U.S.C. § 1983 does not offer a vehicle to vindicate purported state law violations. See Roy v. City of Augusta, 712 F.2d 1517, 1522 (1st Cir. 1983) (citing Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982)). As a result, the Court should dismiss Plaintiff's § 1983 claims (Count I, II, and III) as premised on purported violations of state law.

5

Moreover, to the extent Plaintiff's Counts I, II, and III can somehow be construed as asserting independent causes of action under Part I, Article 15 irrespective of 42 U.S.C. § 1983, they should still be dismissed. The New Hampshire Supreme Court has not recognized private rights of action for violations of state constitutional rights. See Marquay v. Eno, 139 N.H. 708, 721 (1995). As a result, Plaintiff's Counts I, II, and III, to the extent they attempt to create such a private right of action, necessarily fail and should be dismissed.

    c.  Plaintiff's federal civil conspiracy claim (Count VI) should be dismissed.

"Section 1985(3) proscribes certain enumerated conspiracies." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). "To state a claim under § 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege." Id. (citing Griffin v. Breckenridge, 403 U.S. 88 (1971)).

As the First Circuit recognized, the United States Supreme Court "placed a gloss" on the four elements articulated above, thereby adding a fifth element; the United States Supreme Court in Griffen "construed the statute's references to 'equal protection' and 'equal privileges and immunities under the laws' to signify that a plaintiff may recover thereunder only when the conspiratorial conduct of which he complains is propelled by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Id.; see also Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975).

Here, Plaintiff has failed to set forth any allegations that would suggest, much less prove, that the purported "conspiratorial conduct" was motivated by some racial or class-based

discriminatory animus. The absence of such allegations is fatal with respect to Plaintiff's federal-law conspiracy claim. Because Plaintiff has failed to set forth a sufficient factual predicate for his federal-law conspiracy claim under § 1985, Count VI of Plaintiff's complaint must be dismissed.[2]

        d. <u>Plaintiff's neglect to prevent claim under 42 U.S.C. § 1986 (Count VII) should be dismissed.</u>

"Absent a showing of conspiracy, [the plaintiff] has no claim under § 1986, which extends liability to those who knowingly failed to prevent conspiracies under § 1985." <u>Maymi v. P.R. Ports Auth.</u>, 515 F.3d 20, 31 (1st Cir. 2008). As discussed above, Plaintiff has failed to allege sufficient facts to establish a conspiracy under 42 U.S.C. § 1985; thus, Plaintiff's claim under § 1986 fails and should be dismissed.

**II.**     **State Law Claims**

        a. <u>Plaintiff's negligence claim (Count IV) against the City of Lebanon/Lebanon Police Department is barred by RSA 507-B.</u>

Under RSA 507-B:5, "[n]o governmental unit shall be held liable in any action to recover for bodily injury, personal injury or property damage except as provided by this chapter or as is provided or may be provided by other statute." "Personal injury" is defined to include "[a]ny injury to the feelings or reputation of a natural person, including but not limited to . . . mental injury [and] mental anguish." RSA 507-B:1, III(a). "And 'bodily injury' holds its plain language meaning under the statute." <u>Donlon v. Hillsborough County</u>, No. 18-cv-549-LM, 2019 U.S. Dist. LEXIS 78253, *25 (D.N.H. May 9, 2019). A "governmental unit" is "any political subdivision within the state including any county . . . or departments or agencies thereof." RSA 507-B:1, I.

---

[2] For the same reasons discussed within Section II(b) of this memorandum, Plaintiff's Section 1985(3) claim is likewise barred by the intracorporate conspiracy doctrine.

Here, Plaintiff's claim of negligence against the City of Lebanon is barred by RSA 507-B. First, the City of Lebanon falls within the definition of a "governmental unit" under RSA 507-B:1, I. Additionally, Plaintiff's claim of negligence is for bodily injury and personal injury as defined by RSA 507-B:1. Furthermore, no exception to the RSA 507-B framework applies with respect to this matter. It follows that the City of Lebanon is immune from liability with respect to Plaintiff's negligence claim. See RSA 507-B:5; Martineau v. Antilus, No. 16-CV-541-LM, 2017 U.S. Dist. LEXIS 96439, at *3 (D.N.H. June 22, 2017).

      b. <u>Plaintiff's claims of civil conspiracy are barred by the intracorporate conspiracy doctrine.</u>

As this Court has recognized, "[a] viable claim for civil conspiracy under New Hampshire law requires at least 'two or more persons' conspiring to achieve an unlawful objective." Carney v. Town of Weare, 2017 WL 680384 (D.N.H. Feb. 21, 2017) (citing and quoting In re Appeal of Armaganian, 147 N.H. 158, 163 (2001)). "Under the intracorporate conspiracy doctrine, the agents and employees of a corporate entity acting within the scope of their employment or authority are legally incapable of conspiring together." Id. (citations omitted).

Here, Plaintiff alleges a civil conspiracy amongst Smolenski, Roberts, Alexander, and Smith—all of whom were employees or agents of the City of Lebanon, which is a corporation under New Hampshire law. See RSA 31:1 ("Every town is a body corporate and politic, and by its corporate name may sue and be sued, prosecute and defend, in any court or elsewhere."). Under the intracorporate conspiracy doctrine, the City of Lebanon and its employees are considered to be the same "person." See, e.g., Grider v. City of Auburn, Alabama, 618 F.3d 1240, 1261 (11th Cir. 2010) ("[T]he intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of

8

actors necessary for the formation of a conspiracy.") It follows that the intracorporate conspiracy doctrine bars Plaintiff's state-law conspiracy claim and it must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants Lebanon Police Department/City of Lebanon, Philip Roberts, and James Alexander request that the Court grant their partial motion to dismiss.

Respectfully submitted,

Lebanon Police Department/City of Lebanon, James Alexander, and Philip Roberts

By their counsel,

Gallagher, Callahan & Gartrell, P.C.

Date: January 26, 2024

/s/ Matthew V. Burrows
Matthew V. Burrows, Esq. (#20914)
Keelan B. Forey, Esq. (#272933)
214 North Main Street
Concord, NH 03301
Tel: (603) 545-3643
burrows@gcglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of this filing is being provided to counsel of record via the Court's ECF system.

/s/ Matthew V. Burrows
Matthew V. Burrows, Esq. (#20914)