UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
Scott Traudt                                         \*
    Plaintiff                                    \*
v.                                                   \*
                                        \*    **Docket No. 1:23-CV-500-LM**
City of Lebanon et al.,                              \*
    Defendants                                   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY
TO PLAINTIFF'S OBJECTION TO PARTIAL MOTION TO DISMISS**

Defendants, Lebanon Police Department/City of Lebanon, James Alexander, and Philip Roberts, file this reply memorandum to Plaintiff's objection to their partial motion to dismiss and state as follows:

**INTRODUCTION**

Plaintiff filed suit against *inter alia* Lebanon Police Department/City of Lebanon (the "City"), James Alexander ("Alexander"), and Philip Roberts ("Roberts") (collectively the "Defendants"). Plaintiff alleges that Defendants violated various federal and state law claims regarding the purported failure to disclose disciplinary records of two officers following a motor vehicle stop and arrest in 2007.

Defendants filed a partial motion to dismiss. Plaintiff objected. For the following reasons as well as the reasons set forth in Defendants' partial motion to dismiss, the Court should grant Defendants' partial motion to dismiss.

**I.      Plaintiff's official capacity lawsuits against Roberts and Alexander should be dismissed.**

Plaintiff argues that the official capacity lawsuits against Roberts and Alexander are not duplicative of Plaintiff's claims against the City. Plaintiff is mistaken.

1

It is well settled that a suit against a municipal officer in his official capacity is a suit against the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff argues that his claims against Roberts and Alexander, in their respective official capacities serve as the basis for his request for injunctive relief, and therefore are the appropriate vehicle in which to secure injunctive relief against a municipality under 42 U.S.C. § 1983. Critically, however, such an official capacity claim is not necessary when a § 1983 claim is brought against a municipality. *See*, *e.g.*, *Graham*, 473 U.S. at 167 n. 14 ("There is no longer a need to bring official-capacity actions against local government officials, for under Monell, local government units can be sued directly for damages and injunctive or declaratory relief."); *Dirrane v. Brookline Police Dep't*, 315 F.3d 65, 71 n. 4 (1st Cir. 2002).

In short, Plaintiff has failed to identify any relief that can be granted to him on his official capacity claims that he cannot also obtain based on his § 1983 claims against the City. Furthermore, Plaintiff has not cited any precedent suggesting that the standard for obtaining, for example, purported injunctive relief against the City would be any different than the standard for obtaining injunctive relief against Roberts and Alexander in their respective official capacities. This Court should dismiss the official capacity claims against Roberts and Alexander as duplicative.

## II.     Plaintiff's federal law claims premised on the New Hampshire Constitution should be dismissed.

Plaintiff argues that his federal law claims (Counts I, II, and III) as premised on Part I, Article 15 of the New Hampshire Constitution should not be dismissed because they assert independent state law claims for violations of Plaintiff's rights under the New Hampshire Constitution. Plaintiff is wrong.

"State constitutional provisions . . . unlike their federal counterparts, are not generally enforceable through a claim for damages and this court is not the proper forum for a plaintiff to seek to expand the scope of remedies available for alleged violations of state constitutional rights." *Ali v. N. N.H. Corr. Facility, Warden*, No. 12-cv-364-SM, 2013 WL 3367098, *4 (D.N.H. July 3, 2013). *Marquay v. Eno*, 139 N.H. 708 (1995), which Plaintiff cites for support in his position, does not stand for the broad proposition that Plaintiff claims in his briefing. Indeed, the New Hampshire Supreme Court in *Marquay v. Eno* specifically declined to recognize a new constitutional tort under the particular facts that had been alleged in that case given the array of remedies available to the plaintiffs.

The same reasoning is ultimately true and applicable in the instant action. Accordingly, this Court, which Plaintiff has chosen as the forum to address this litigation, is not the proper forum for Plaintiff to attempt to blaze a new legal trail on whether Plaintiff's allegations regarding exculpatory evidence violate Plaintiff's constitutional rights under the New Hampshire Constitution. *Cf. Dennis v. Husqvarna Forest & Garden Co.*, No. 93-309-M, 1994 WL 759187, *7 (D.N.H. Dec. 27, 1994) ("With regard to the recognition of novel and far-reaching implied state-law causes of action, state courts typically blaze the trails in which federal courts travel, not vice versa."). Plaintiff's claim, as premised on the New Hampshire Constitution, should therefore be dismissed.

### III. Plaintiff's federal conspiracy claim should be dismissed.

Plaintiff argues that his federal conspiracy claim survives Defendants' motion to dismiss because discriminatory animus is not a necessary element under § 1985(2) as determined by the Supreme Court in *Kush v. Rutledge*, 460 U.S. 719 (1983). Plaintiff misconstrues the decision in *Kush*.

The Supreme Court's holding in *Kush* separated those parts of 42 U.S.C. § 1985 that relate to issues of federal concern from those that relate to issues of state concern. In other words, "[t]he latter are modified by a reference to 'equal protection,' whereas the former are not." *J.S.H. v. Newton*, 654 F. Supp. 3d 7, 23 (D. Mass. 2023) (discussing *Kush*, 460 U.S. at 725). Relevant here, § 1985(2), which creates a right of action for damages resulting from conspiracies to obstruct justice or intimidate witnesses, contains two components. *Schoff v. Fitzpatrick*, No. 2:16-cv-609-NT, 2017 WL 1507446, *2 (D. Me. Apr. 27, 2017). "[T]he first prohibits conspiracies to interfere with litigation in federal court, while the second prohibits conspiracies to obstruct the course of justice in state courts." *Id.*

The First Circuit has held that the portion of § 1985(2)'s language that applies to state court parallels § 1985(3). *Hahn v. Sargent*, 523 F.2d 461, 469 (1st Cir. 1975) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Thus, "[i]nterference with witnesses in a *state* court proceeding is modified by equal protection language and, as such, requires a discriminatory, class-based animus." *J.S.H.*, 654 F. Supp. 3d at 23 (emphasis supplied). Put another way, a plaintiff must allege class-based animus to state a claim for denial of access to state courts, even though no such requirement exists for an action asserting denial of access to federal courts. *Schoff,* 2017 WL 1507446 at *2.

Here, the proceedings that form the basis of Plaintiff's claim consist of state court criminal proceedings. Plaintiff's objection appears to concede that he has failed to allege any racial or class-based animus. As a result, Plaintiff's civil conspiracy claim under § 1985 fails as a matter of law and should be dismissed.

**IV.     Plaintiff's failure to prevent conspiracy claim should also be dismissed.**

Plaintiff argues that his § 1986 claim survives Defendants' motion to dismiss for the same reason that his § 1985 claim survives—i.e., discriminatory animus is not required. Because Plaintiff's § 1985 fails as a matter of law, it follows that no claim can be stated against the Defendants under § 1986. *See Maymi v. Puerto Rico Ports Authority*, 515 F.3d 20, 31 (1st Cir. 2008). This claim must also be dismissed.

**V.      Plaintiff's state law negligence claim is barred by RSA 507-B.**

Plaintiff claims that his negligence claim against City of Lebanon/Lebanon Police Department is not barred by RSA 507-B. Plaintiff's position is without merit.

Plaintiff's claim clearly falls within the purview of RSA 507-B immunity. First, there can be no dispute that the City of Lebanon is a "governmental unit" as defined by RSA 507-B:1, I. Second, Plaintiff's claims are for bodily injury and personal injury, also as defined by RSA 507-B:1. Moreover, Plaintiff has failed to cite any exception to RSA 507-B immunity provided within the statutory scheme. *See*, *e.g.*, RSA 507-B:2 (waiving immunity for actions to recover for injuries caused by a governmental unit's "fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises"). Accordingly, under RSA 507-B:5, the City is therefore immune from Plaintiff's negligence claim. *See* RSA 507-B:5.

Instead, Plaintiff seemingly attempts to rely on the principles for which a plaintiff can attempt state a claim against a municipality under federal law. But Plaintiff's reliance on these principles is misplaced—municipal liability premised on federal law is not an "exception" to the immunity afforded to a municipal entity under RSA 507-B:5 for a state law claim of negligence. Similarly, Plaintiff's argument that "[t]he Defendants actions do not qualify for immunity, and as

5

officers are agents of the police department and the City of Lebanon. The City does not have immunity" (ECF Doc. 14 ¶ 56) is equally misplaced. Plaintiff's attempt to argue that the individual officers are not entitled to RSA 507-B immunity has no bearing on whether the municipal entity is entitled to RSA 507-B immunity. Put simply, Plaintiff's negligence claim against the City falls squarely within the purview of RSA 507-B immunity and no exception applies. As discussed in Defendants' partial motion to dismiss, Plaintiff's negligence claim against the City should be dismissed.

### VI. Plaintiff's civil conspiracy claim is barred by the intracorporate conspiracy doctrine.

Plaintiff claims that his civil conspiracy claim is not barred by the intracorporate conspiracy doctrine because he claims there are exceptions recognized by the First Circuit in the context of criminal fraud and the New Hampshire Supreme Court has not decided whether the doctrine applies under New Hampshire law. (ECF Doc. 14 ¶¶ 59–60.) Again, Plaintiff is mistaken.

"Under the intracorporate conspiracy doctrine, the agents and employees of a corporate entity acting within the scope of their employment or authority are legally incapable of conspiring together." *Carney v. Town of Weare*, No. 15-cv-291-LM, 2017 WL 680384, *15 (D.N.H. Feb. 21, 2017) (collecting cases). Although the New Hampshire Supreme Court has not decided whether the doctrine applies, this Court has concluded that "if confronted with the issue, the New Hampshire Supreme Court would adopt the intracorporate conspiracy doctrine." *Id.* at *16. In reaching this conclusion, this Court has explained that "[t]he majority rule and the modern trend among states recognizes the intracorporate conspiracy doctrine[,]" "[m]ost states have concluded that the doctrine applies in their jurisdiction[,]" and "New Hampshire appears to adhere to the traditional principles of agency law that serve as the doctrine's foundation." *Id.* at

*15-16. Plaintiff's objection does not provide any support to suggest that the New Hampshire Supreme Court would reject this Court's conclusion or that the doctrine is otherwise inapplicable in this particular context.

Plaintiff also suggests that "this matter is far from settled" as to whether the Defendants were acting outside the scope of their employment with the City. (ECF Doc. 14 ¶ 62.) However, Plaintiff's complaint clearly alleges a civil conspiracy among Alexander, Roberts, and other police officers, all of whom are employees or agents of the City, a corporation under New Hampshire law. Plaintiff's cursory statement that the "matter is far from settled" is not *factual support* that any of the purported coconspirators were acting outside the scope of their employment or authority. In fact, Plaintiff, in his complaint, alleges that the defendants "were acting within the scope of their duties as employees of the Lebanon Police Department and the City of Lebanon." (ECF Doc. 1 ¶ 68.) Therefore, the intracorporate conspiracy doctrine bars Plaintiff's conspiracy claim against the Defendants and this claim should be dismissed.

## CONCLUSION

For the reasons set forth above (and as previously set forth in the partial motion to dismiss), Defendants Lebanon Police Department/City of Lebanon, Philip Roberts, and James Alexander request that the Court grant their partial motion to dismiss.

Respectfully submitted,

Lebanon Police Department/City of Lebanon, James Alexander, and Philip Roberts

By their counsel,

Gallagher, Callahan & Gartrell, P.C.

Date: March 1, 2024

/s/ Matthew V. Burrows
Matthew V. Burrows, Esq. (#20914)
Keelan B. Forey, Esq. (#272933)

7

214 North Main Street  
Concord, NH 03301  
Tel: (603) 545-3643  
burrows@gcglaw.com

CERTIFICATE OF SERVICE

    I hereby certify that on this date, a copy of this filing is being provided to counsel of record via the Court's ECF system.

/s/ Matthew V. Burrows  
Matthew V. Burrows, Esq. (#20914)

8