UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Scott Traudt</u>

    v.                                                                      Civil No. 23-cv-500-LM-TSM
                                                               Opinion No. 2024 DNH 079 P

<u>Lebanon Police Department et al.</u>

**O R D E R**

Plaintiff Scott Traudt brings this action against the City of Lebanon ("the City"), the Lebanon Police Department ("the Department"), as well as four Lebanon police officers: Officer Phillip Roberts, Officer Richard Smolenski, Chief James Alexander, and Chief Gary Smith. Plaintiff's claims relate to a failure to disclose police disciplinary records prior to plaintiff's state court criminal trial. Presently before the court is a partial motion to dismiss filed by the City, the Department, Officer Roberts, and Chief Alexander [hereinafter collectively "moving defendants"]. Doc. no. 7. Plaintiff objects. Doc. no. 14.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68, 71 (1st Cir. 2014) (quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

## BACKGROUND[1]

Officer Roberts and Officer Smolenski arrested plaintiff in connection with a traffic stop in the early morning hours of January 14, 2007. Plaintiff alleges that the officers attacked him without provocation or justification, causing severe injury. Plaintiff was ultimately charged with one count of disorderly conduct in violation of RSA 644:2, II(d) and two counts of simple assault on a police officer in violation of RSA 631:2-a and 651:6(g).

The interaction between plaintiff and the officers was not recorded. Thus, at plaintiff's state court criminal trial, the case turned on the credibility of the officers' testimony. The State did not provide plaintiff with either of the officers' disciplinary records prior to trial despite plaintiff's request that they be turned over. During closing argument, the prosecutor highlighted the lack of any evidence that the arresting officers had marks on their disciplinary records.

---

[1] The following facts are drawn from plaintiff's complaint (doc. no. 1).

The jury convicted plaintiff of the disorderly conduct charge and one of the simple assault charges. The trial court sentenced him to a term of imprisonment. The New Hampshire Supreme Court upheld his conviction on appeal.

After his release from prison, plaintiff filed a pro se civil action in this court in 2010 against Officer Roberts, Officer Smolenski, Chief Alexander, and the City of Lebanon, seeking damages for the injuries allegedly caused by the officers and for violations of his civil rights. The court (Laplante, J.) granted defendants' motion for summary judgment in 2013. See Traudt v. Roberts, No. 10-CV-12-JL, 2013 WL 3754862, at *1-2 (D.N.H. July 15, 2013). During discovery, however, plaintiff learned for the first time that Officer Smolenski had been disciplined by the Lebanon Police Department in 2006, prior to plaintiff's arrest. Judge Laplante conducted an in camera review of Officer Smolenski's disciplinary records and concluded that they were not discoverable under federal law, and declined to rule upon whether they were subject to disclosure under New Hampshire law pursuant to State v. Laurie and its progeny. See Traudt v. Roberts, No. 10-CV-12-JL, 2013 WL 3712437, at *5-6 (D.N.H. July 12, 2013); see also State v. Laurie, 139 N.H. 325 (1995).

Plaintiff attempted unsuccessfully for several years to obtain information regarding Officer Smolenski's disciplinary records. For example, he filed a pro se petition for a writ of habeas corpus in this court, but the court denied plaintiff's petition because he was no longer in custody. See Traudt v. N.H. Att'y Gen., No. 13-cv-234-PB (D.N.H. Mar. 24, 2014) (doc. no. 11). He also sought relief in New

Hampshire state court. In 2021, plaintiff finally received details regarding Officer Smolenski's records, which showed that he had been disciplined for certain conduct relating to a romantic relationship. That same year, plaintiff received information that Officer Roberts was involved in an alleged assault in 2002 in Vermont. Plaintiff alleges "[u]pon information and belief" that Vermont authorities informed the Department of Officer Roberts' alleged involvement in this assault prior to plaintiff's trial. Doc. no. 1 ¶ 60.

In 2022, plaintiff filed another action for post-conviction relief in New Hampshire state court, arguing that the State's failure to disclose this information regarding Officers Smolenski and Roberts violated his rights under the New Hampshire and United States Constitutions. The state court ultimately vacated plaintiff's convictions and granted him a new trial. Thereafter, the State voluntarily dismissed (or "nolle prossed") the charges.

Plaintiff has now brought this action for monetary and injunctive relief. The complaint includes seven counts:

- Count I: A claim for violation of the Fourteenth Amendment to the United States Constitution and Part I, Article 15 of the New Hampshire Constitution. The purported cause of action is 42 U.S.C. § 1983 and the claim is brought against all defendants.

- Count II: Another claim for violation of the Fourteenth Amendment and Part I, Article 15. The purported cause of action is § 1983 and the claim is brought against all defendants.

- Count III: Another claim for violation of the Fourteenth Amendment and Part I, Article 15. The purported cause of action is once again § 1983, but this claim is only

4

- brought against the City of Lebanon and the Lebanon Police Department.

- Count IV: Negligence under New Hampshire common law, brought against all defendants.

- Count V: Civil conspiracy under New Hampshire common law, brought against all defendants.

- Count VI: Civil conspiracy in violation of 42 U.S.C. § 1985, brought against all defendants.

- Count VII: Neglect to prevent claim in violation of 42 U.S.C. § 1986, brought against Chief Smith, Chief Alexander, the City of Lebanon, and the Lebanon Police Department.

All individually named defendants are sued in their individual and official capacities.

## DISCUSSION

Officer Roberts, Chief Alexander, the City, and the Department have filed a partial motion to dismiss. Doc. no. 7. The court will consider each of the moving defendants' arguments for dismissal below.

I. <u>Plaintiff's Claims Against Officer Roberts and Chief Alexander In Their Official Capacities Are Duplicative of His Claims Against the City</u>

The moving defendants argue that plaintiffs' official-capacity claims against Officer Roberts and Chief Alexander should be dismissed as duplicative of his claims against the City. "An official-capacity suit is 'in all respects other than name, to be treated as a suit against the entity.'" Signs for Jesus v. Town of Pembroke, No. 15-cv-482-PB, 2016 WL 1171016, at *2 (D.N.H. Mar. 24, 2016) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)); see also Surprenant v. Rivas, 424 F.3d 5, 19 (1st

5

Cir. 2005) ("A suit against a public official in his official capacity is a suit against the governmental entity itself. The claim against [the jail superintendent] is, therefore, a claim against the county (which operates the jail)." (citations omitted)); Wood v. Hancock Cnty. Sheriff's Dep't, 354 F.3d 57, 58 n.1 (1st Cir. 2003) (same); Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 705 (1st Cir. 1993) (same). An official-capacity suit against a governmental officer "represent[s] only another way of pleading an action against an entity of which [the] officer is an agent." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 n.55 (1978). It is for this reason that "a suit against a government officer in his or her official capacity binds the agency . . . , not the officer personally." Am. Policy Holders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1259 (1st Cir. 1993) (citing Graham, 473 U.S. at 166; Brandon v. Holt, 469 U.S. 464, 471 (1985)).

In Signs for Jesus, the plaintiffs sued the Town of Pembroke, the Town's Zoning Board of Adjustment, and the Town's Code Enforcement Officer in his individual and official capacities. 2016 WL 1171016, at *1. Judge Barbadoro dismissed the official-capacity claims against the Code Enforcement Officer because the plaintiffs had already named as a defendant the governmental entity of which he was an agent: the Town of Pembroke. Id. at *2. "Because a suit against a town officer in his official capacity is essentially the same as a suit against the town, [the Code Enforcement Officer's] liability in his official capacity 'is indistinguishable from the' Town's." Id. (quoting Wood, 354 F.3d at 58 n.1). Therefore, "it was

6

redundant for plaintiffs to sue both the Town and [the Code Enforcement Officer] in his official capacity." Id.

Here, plaintiff sues Officer Roberts and Chief Alexander in their official capacities. In every count in which Officer Roberts and Chief Alexander are named as defendants in their official capacities, the City is also named as a defendant. See doc. no. 1 at 12-21. Plaintiff's claims against the officer and the chief in their official capacities are indistinguishable from his claims against the City. See Graham, 473 U.S. at 167 n.14 ("There is no . . . need to bring official-capacity actions against local government officials, for under Monell, local government units can be sued directly for damages and injunctive or declaratory relief." (citation omitted)); see also Surprenant, 424 F.3d at 19 (explaining that Monell applies to official capacity suits against municipal officials). Because plaintiffs' official capacity claims against Officer Roberts and Chief Alexander are duplicative of his claims against the City, the court dismisses plaintiffs' official capacity claims as to these two defendants. See Signs for Jesus, 2016 WL 1171016, at *2.

II.   Plaintiff's New Hampshire Constitution Claims in Counts I through III Must Be Dismissed Because 42 U.S.C. § 1983 Does Not Provide a Cause of Action to Remedy Violations of State Law

In Counts I through III of his complaint, plaintiff purports to bring causes of action for violations of the New Hampshire Constitution pursuant to 42 U.S.C. § 1983. That statute supplies a cause of action for violation of "any rights, privileges, or immunities" secured by federal law. 42 U.S.C. § 1983. It provides no cause of action for violations of state law. See id.; Roy v. City of Augusta, 712 F.2d

7

1517, 1522 (1st Cir. 1983). Because § 1983 provides no cause of action for violations of state law, plaintiff's claims for violation of the New Hampshire Constitution in Counts I through III must be dismissed.

Plaintiff does not seriously contend that he may seek vindication for alleged violations of the New Hampshire Constitution pursuant to § 1983. Rather, he appears to contend that he has a cause of action stemming from New Hampshire common law or the New Hampshire Constitution itself. The court is dubious of this proposition. See Marquay v. Eno, 139 N.H. 708, 721-22 (1995). It is even more dubious that a federal court would be the appropriate entity to decide that question in the first instance. See id. (noting that the New Hampshire Supreme Court is the entity that "ultimately has the authority to fashion a common law remedy for the violation of a particular constitutional right"); Ali v. N. N.H. Corr. Facility, No. 12-cv-364-SM, 2013 WL 3367098, at *4 (D.N.H. July 3, 2013) ("State constitutional provisions . . . are not generally enforceable through a claim for damages, and this court is not the proper forum for a plaintiff to seek to expand the scope of remedies available for alleged violations of state constitutional rights."); Bourne v. Town of Madison, 494 F. Supp. 2d 80, 94 (D.N.H. 2007) ("As the New Hampshire Supreme Court has not yet recognized an implied right to damages for violations of Part I, Article 1 and 14 of the state constitution, the court will not entertain an action for damages on such grounds here."). Nevertheless, out of an abundance of caution (and since the court is granting plaintiff leave to seek to amend his complaint to supplement his federal conspiracy claim, see infra), within thirty days of this order's

issuance plaintiff may seek leave to file an amended complaint bringing his state constitutional claims in counts separately numbered from his federal constitutional claims. Defendants may file an objection on grounds of futility or any other appropriate grounds within the time specified by this court's local rules.

III. Plaintiff's Negligence Claim (Count IV) Against the City and the Department is Barred by RSA 507-B:5

In Count IV, plaintiff brings a negligence claim under New Hampshire law against all defendants. Citing RSA chapter 507-B, the City and the Department move to dismiss Count IV to the extent brought against them.

RSA chapter 507-B grants municipal immunity in certain circumstances. Farrelly v. Town of Concord, 168 N.H. 430, 442 (2015). RSA 507-B:5 provides: "No governmental unit shall be held liable in any action to recover for bodily injury, personal injury or property damage except as provided by this chapter or as is provided or may be provided by other statute." The chapter defines "governmental unit" to include a "city, town, . . . or departments or agencies thereof." RSA 507-B:1, I. "Personal injury" is broadly defined to include "[a]ny injury to the feelings or reputation of a natural person, including but not limited to, false arrest, detention or imprisonment, malicious prosecution, . . . mental injury, mental anguish, [and] shock." RSA 507-B:1, III. This definition has been construed to include claims for negligence. See Mateo v. Univ. Sys. of N.H., No. 19-cv-70-PB, 2020 WL 4059884, at *10 (D.N.H. July 20, 2020); Donlon v. Hillsborough Cnty., Civ. No. 18-cv-549-LM, 2019 WL 2062436, at *9-10 (D.N.H. May 9, 2019). The only exception to RSA 507-

B:5's grant of immunity within the chapter is RSA 507-B:2, which provides that "[a] governmental unit may be held liable for damages . . . caused by its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles and all premises." RSA 507-B:2; see Mateo, 2020 WL 4059884, at *10.

Plaintiff's negligence claim against the City and the Department is barred by RSA 507-B:5. The City and the Department are governmental units as that phrase is defined in RSA 507-B:1. Plaintiff's claim for negligence comes within the definition of personal injury in that same statute. And plaintiff identifies no exception to RSA 507-B:5's general grant of immunity to municipalities and their departments for personal injury claims. Instead, plaintiff contends that RSA 507-B:5 does not extend to "violation of a constitutional right perpetrated under the color of state law." Doc. no. 14 at 10. Plaintiff's argument is inapposite, however, as Count IV alleges a state-law negligence claim, not a federal constitutional claim. See Foley v. Town of Lee, 871 F. Supp. 2d 39, 53 (D.N.H. 2012) ("[T]he plaintiffs argue that the statutory immunity [under RSA 507-B:5] does not extend to their federal constitutional claims—which is true, but beside the point . . . ."). Thus, the court grants the moving defendants' motion to dismiss Count IV insofar as it is brought against the City and the Department.

IV.  Plaintiff's Civil Conspiracy Claim Under New Hampshire Law (Count V) Is Barred by the Intracorporate Conspiracy Doctrine

In Count V, plaintiff brings a civil conspiracy claim under New Hampshire common law against all defendants. The moving defendants ask the court to dismiss Count V as barred by the intracorporate conspiracy doctrine.

To state a viable claim for civil conspiracy under New Hampshire law, a plaintiff must plausibly allege that "two or more persons" conspired to achieve an unlawful objective. Carney v. Town of Weare, Civ. No. 15-cv-291-LM, 2017 WL 680384, at *15 (D.N.H. Feb. 21, 2017) (quoting In re Appeal of Armaganian, 147 N.H. 158, 163 (2001)). The intracorporate conspiracy doctrine "developed out of basic agency principles that attribute the actions of a corporation's agents to the corporation itself, which negates the multiplicity of actors necessary for the formation of a conspiracy." Id. (quoting White v. City of Athens, 169 F. Supp. 3d 1254, 1269 (N.D. Ala. 2016)). Under the intracorporate conspiracy doctrine, the agents and employees of a corporate entity acting within the scope of their employment or authority are legally incapable of conspiring together. Id.

In Carney, this court predicted that the New Hampshire Supreme Court would adopt the intracorporate conspiracy doctrine if confronted with the issue. See id. While that court has not had occasion to consider the issue since Carney, at least one Superior Court in New Hampshire has followed Carney's reasoning. See Legacy Global Sports, LP v. St. Pierre, No. 218-2019-CV-198, 2020 WL 2027401, at *3 (N.H. Super. Ct. Merrimack Cnty. Apr. 27, 2020); D.G. Whitefield LLC v. Cate St. Capital,

11

Inc., No. 218-2015-CV-1406, 2017 N.H. Super. LEXIS 16, at *28-29 (N.H. Super. Ct. Merrimack Cnty. July 10, 2017).

Here, the civil conspiracy claim in Count V is brought against the City, the City's police department, and four City police officers. The City is a municipal corporation under New Hampshire law. See RSA 31:1; 44:1. According to the complaint, the Department is "wholly owned by" the City, and the officers are employees of the Department. Doc. no. 1 at 2-3. Under the intracorporate conspiracy doctrine, the defendants are legally incapable of conspiring together when acting in the scope of their employment. See Ortolano v. City of Nashua, 695 F. Supp. 3d 221, 237 (D.N.H. 2023) (dismissing civil conspiracy claim against municipal employees pursuant to intracorporate conspiracy doctrine).

Plaintiff asserts that the intracorporate conspiracy doctrine does not bar Count V because he has plausibly alleged facts from which the court can infer that the officers were acting outside the scope of their employment. Plaintiff is incorrect. The complaint alleges that the individually named officers conspired amongst themselves and with the Department and the City to unlawfully withhold Brady or Laurie material. It is their employment as police officers that makes their alleged agreement to withhold this information potentially unlawful. Absent their status as police officers employed by the City, they would have had no obligation to disclose the materials at issue. See Harp v. King, 835 A.2d 953, 974 (Conn. 2003) (cited with approval in Carney, 2016 WL 680384, at *15) (explaining that a corporate employee's conduct is outside the scope of his employment for purposes of

12

intracorporate conspiracy doctrine only when "the employee's allegedly wrongful conduct [is] in furtherance of personal considerations unrelated to or extraneous to the corporation's interest").

To the extent plaintiff intends to argue that the conspiracy was not within the scope of the officers' employment because the officers' employment did not empower them to violate the law, his argument does not persuade. "An employee acts within the scope of his employment as long as he is discharging his duties or endeavoring to do his job, 'no matter how irregularly, or with what disregard of instructions.'" Id. at 976 (quoting Ierardi v. Sisco, 119 F.3d 183, 187 (2d Cir. 1997)). Otherwise, the intracorporate conspiracy doctrine "would quickly become a meaningless concept," for the very nature of a civil conspiracy claim is that the defendants conspired to do something unlawful. Id. (quoting Doe v. Bd. of Ed., 833 F. Supp. 1366, 1382 (N.D. Ill. 1993)).

For these reasons, Count V is barred by the intracorporate conspiracy doctrine and must be dismissed.

V.   Plaintiff May Seek Leave to Amend His Civil Conspiracy Claim Under 42 U.S.C. § 1985 (Count VI)

In Count VI, plaintiff brings a civil conspiracy claim under 42 U.S.C. § 1985 against all defendants. The moving defendants move to dismiss Count VI because plaintiff fails to plead that the alleged conspiracy was motivated by race- or class-based animus. Plaintiff objects, arguing that he has stated a viable claim under § 1985(2).

13

Section 1985(2) contains two clauses; the first applies to federal court proceedings, and the second applies to state proceedings. The portion of § 1985(2) addressed to federal court proceedings provides in part that it is unlawful for "two or more persons in any State or Territory [to] conspire to deter by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully." § 1985(2). The portion of § 1985(2) addressed to state court proceedings provides in pertinent part that it is unlawful "for two or more persons [to] conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws." Id.

"Courts must be careful to separate those parts of 42 U.S.C. § 1985 that relate to issues of federal concern from those that relate to issues of state concern. The latter are modified by a reference to 'equal protection,' whereas the former are not." J.S.H. v. Newton, 654 F. Supp. 3d 7, 23 (D. Mass. 2023). Thus, when a plaintiff brings a claim under § 1985(2) for the alleged obstruction of a state court proceeding, he must plausibly allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Kush v. Rutledge, 460 U.S. 719, 726 (1983) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)); accord Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975); J.S.H., 654 F. Supp. 3d at 23. By contrast, a plaintiff need not allege discriminatory animus to state a claim for the alleged obstruction of a federal court proceeding. Kush, 460

14

U.S. at 726. In opposing the moving defendants' motion to dismiss, plaintiff argues that he need not allege racial or class-based animus because he has stated a viable claim under the clause of § 1985(2) applicable to federal court proceedings.

Count VI does not specify the particular clause or subsection of § 1985 under which it is brought. The gravamen of the complaint, however, is an allegation that defendants conspired to obstruct justice in "the Plaintiff's criminal trial" by withholding exculpatory or impeachment evidence "result[ing] in the Plaintiff's inability to use favorable information against the State's two main eyewitnesses." Doc. no. 1 ¶ 120. At the same time, the complaint alleges that the defendants continued to unlawfully withhold records "after the Plaintiff[']s trial," and details plaintiff's unsuccessful efforts in federal court to hold defendants accountable for their alleged illegalities. Id. ¶ 122; see id. ¶¶ 40-45.

The moving defendants' motion to dismiss Count VI is granted to the extent that it seeks dismissal of a claim for obstruction of a state court proceeding under § 1985(2). The complaint fails to allege that the alleged conspiracy was motivated by discriminatory animus. The motion is denied without prejudice to the extent that plaintiff intends to rely upon the federal proceeding clause of § 1985(2). Within thirty days of this order, plaintiff may seek leave to amend the complaint to specifically bring his § 1985 claim under the federal proceeding clause of subsection (2) and to supplement his factual allegations regarding any claim proceeding under

that clause. Defendants may object on any appropriate ground within the time specified by local rule.[2]

### VI. The Court Cannot Determine Whether Count VII States a Claim Until Plaintiff Seeks to Amend His Complaint

In Count VII, plaintiff brings a "neglect to prevent" claim under 42 U.S.C. § 1986. Section 1986 "extends liability to those who knowingly failed to prevent conspiracies under § 1985." Maymí v. P.R. Ports Auth., 515 F.3d 20, 31 (1st Cir. 2008). Where a plaintiff fails to state a claim under § 1985, therefore, he necessarily fails to state a claim under § 1986. See id. The moving defendants seek dismissal of Count VII on the ground that plaintiff has failed to plausibly allege a conspiracy under § 1985. However, the court has granted plaintiff leave to seek to amend his complaint to supplement his § 1985 claim. As such, the motion to dismiss Count VII is denied without prejudice.

---

[2] In a footnote to their motion to dismiss, the moving defendants assert without developed argumentation that Count VI should be dismissed pursuant to the intracorporate conspiracy doctrine. The parties' arguments with respect to the intracorporate conspiracy doctrine to this point have focused on the applicability of that doctrine under New Hampshire law. The court declines to consider whether Count VI is barred by the intracorporate conspiracy doctrine at this juncture because the issue is insufficiently developed. The moving defendants may elaborate on their intracorporate conspiracy argument as it applies to Count VI should plaintiff elect to amend that Count.

## CONCLUSION

Moving defendants' partial motion to dismiss (doc. no. 7) is granted in part and denied without prejudice in part as follows:

- All official capacity claims against Officer Roberts and Chief Alexander are dismissed.

- The state constitution claims in Counts I through III are dismissed.

- The negligence claim (Count IV) is dismissed to the extent brought against the City and the Department.

- The civil conspiracy claim under New Hampshire law (Count V) is dismissed.

- The § 1985 conspiracy claim (Count VI) is dismissed to the extent it alleges a conspiracy to obstruct a state court proceeding.

- The motion is denied without prejudice as to Count VI to the extent plaintiff intends to allege a conspiracy to obstruct a federal court proceeding.

- The motion is denied without prejudice as to the neglect to prevent claim (Count VII).

- Within thirty days, plaintiff may file a motion to amend his complaint to specifically allege a violation of the federal proceeding clause of § 1985(2) and to supplement his factual allegations regarding his § 1985 claim.

- To the extent he can do so in good faith, within thirty days plaintiff may seek to amend his complaint to bring his state constitution claims pursuant to a cause of action other than § 1983.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 18, 2024
cc: Counsel of Record

17